

Kaufman Dolowich & Voluck, LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601-7086
Telephone: 201.488.6655
Facsimile: 201.488.6652
www.kdvlaw.com

**Iram P. Valentin, Esq.**
**Partner**

**Certified by the Supreme Court**
**Of New Jersey as a Civil Trial Attorney**

Direct E-Mail: ivalentin@kdvlaw.com
Direct Dial:  201-708-8233

April 13, 2020

<u>VIA CM/ECF</u>
Clerk, United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, N.J. 08608

   Re: **DeSanti v. Hayden Royal, LLC, et al.**
     <u>**Docket No.: SOM-L-000180-20**</u>
     **KDV File No.: 034920-0002**

Dear Sir/Madam:

 This firm represents defendants Hayden Royal, LLC and Great Lakes Atlantic Wealth Advisors ("Defendants") in the above-referenced matter. Enclosed please find the following documents for filing with the Court:

  (1) Defendants, Hayden Royal, LLC and Great Lakes Atlantic Wealth Advisors' Notice of Removal (with annexed exhibits);

  (2) The required Civil Coversheet; and

  (3) and Certificate of Service.

 Thank you for your attention in this regard.  Should you have any questions or concerns, please contact me at your convenience.

         Very truly yours,

         **Kaufman Dolowich & Voluck LLP**

         By: <u>/s/ *Iram P. Valentin*     </u>
           IRAM P. VALENTIN

IPV:kc
Enclosures
cc: Michael W. Starr, Esq. (via CM/ECF)

New York  |  Pennsylvania  |  New Jersey  |  San Francisco  |  Los Angeles  |  Florida  |  Chicago

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE DESANTI,<br><br>              Plaintiff,<br><br>v.<br><br>GREGORY THORMANN PEASE; NOBLEBRIDGE WEALTH MANAGEMENT, LLC; INTERNATIONAL ASSETS ADVISORY, LLC; HAYDEN ROYAL, LLC; GREAT LAKES ATLANTIC WEALTH ADVISORS; "ABC CORPORATIONS 1-10" (Fictitious Names); and "JOHN DOE/JANE DOE 1-10" (Fictitious Names),<br><br>              Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO:   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

        Clerk, United States District Court
        District of New Jersey
        Clarkson S. Fisher Building & U.S. Courthouse
        402 East State Street Room 2020
        Trenton, N.J. 08608

        Clerk, Superior Court of New Jersey
        Somerset County Courthouse
        20 North Bridge Street
        Somerville, N.J. 08876-1262

        Michael W. Starr, Esq.

The Law Office of Michael W. Starr, LLC
1 Mill Ridge Lane, Suite 206
Chester, New Jersey 07930
*Attorneys for Plaintiff*
*Diane DeSanti*

## DEFENDANT HAYDEN ROYAL, LLC'S NOTICE OF REMOVAL

### I.   BACKGROUND AND PARTIES

1.     In this lawsuit, Plaintiff Diane DeSanti ("Plaintiff"), a New Jersey resident, alleges that defendant Gregory Thormann Pease ("Pease"), a registered investment advisor with the Securities and Exchange Commission ("SEC") who was also previously registered with the Financial Industry Regulatory Authority ("FINRA"), was Plaintiff's financial advisor and/or investment advisor during all pertinent times. In short, Plaintiff alleges that despite her being a "fairly conservative investor whose objective was to protect principal and generate income[,]" and despite having had a "relatively low risk profile" which she communicated to Pease, Pease nonetheless recommended that Plaintiff purchase variable annuity investment vehicles (and other relatively higher risk investments) then later advised Plaintiff to "surrender" those investments. Plaintiff further alleges this resulted in her abandoning any benefits of those investments and incurring lost premiums; lost opportunity to invest in alternative investments; lost income and other benefits from the annuities; tax liabilities from the surrenders; and premiums, fees, expenses and commissions paid to purchase and maintain the annuities.

Plaintiff claims that Pease's actions constituted violations of the Securities And Exchange Act of 1934 (15 U.S.C. § 78a, et seq., "SEC Act"), the United States Investment Advisors Act of 1940 (15 U.S.C. § 80a-1, et seq., "Investment Advisors Act"), as well as violations of various New Jersey state law claims.  Likewise, by virtue of Pease having previously worked for the remaining entity defendants (including Hayden Royal, LLC, whose predecessor was Great Lakes Atlantic Wealth Advisors) while advising Plaintiff during the pertinent time period of 2008 to 2018, Plaintiff has asserted the same claims against those entities based on vicarious liability theories.  See Plaintiff's initial complaint (filed February 7, 2020), as well as Plaintiff's Summons & "Amended Complaint And Jury Demand" ("Complaint")[1] filed March 5, 2020, collectively attached hereto as "Exhibit A."

2. Plaintiff is a citizen of New Jersey, residing in Bridgewater, New Jersey.

3. Defendant Hayden Royal, LLC ("Hayden Royal") is a limited liability company existing under the laws of the State of North Carolina, having a principal place of business in North Carolina.

---

[1] Unless otherwise noted, for purposes of this Notice of Removal, the term "Complaint" shall refer to Plaintiff's "Amended Complaint And Jury Demand" since that is the operative pleading in this matter.

4. Defendant Great Lakes Atlantic Wealth Advisors ("Great Lakes") is a limited liability company existing under the laws of the State of Illinois, having a principal place of business in Illinois. Great Lakes was the predecessor entity to Hayden Royal, and for purposes of this Notice of Removal, unless otherwise noted, the terms "Hayden Royal" or "Defendants" shall refer collectively to both Hayden Royal, LLC and Great Lakes Atlantic Wealth Advisors.

5. For purposes of this Notice of Removal, Hayden Royal was first served with a copy of the Complaint on March 13, 2020. The Complaint is the second, and operative, pleading filed in this matter, prior to which an initial Complaint And Jury Demand was originally filed on February 7, 2020 in the Superior Court of New Jersey, Somerset County, Law Division, Civil Part. See "Exhibit A."

## II.   THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

6. ***Original & Supplemental Jurisdiction.***  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Pursuant to 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Removal to the United States District Court for the District of New Jersey is proper as this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's suit arises under the laws of the United States – namely, the SEC Act and the Investment Advisors Act.

10. Removal of Plaintiff's state law claims to the United States District Court for the District of New Jersey is also proper as this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims arise under the same facts as Plaintiff's SEC Act and Investment Advisors Act claims such that they constitute part of the same "case or controversy" under Article III of the United States Constitution.

11. *Timeliness.* The filing of this Notice of Removal and any related papers is timely made under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of the March 13, 2020 date of service of Plaintiff's Complaint upon Hayden Royal.

12. ***Consent of co-defendants.*** Plaintiff has not filed any proof of service of the Complaint upon defendants Gregory Thormann Pease ("Pease"), Noblebridge Wealth Management, LLC ("Noblebridge"), and/or International Assets Advisory, LLC ("IAA"). Likewise, the undersigned is not aware of any other facts which would indicate that those defendants have been properly served. Thus, because those defendants have not been "properly joined and served," their consents are not needed pursuant to 28 U.S.C. § 1446(b)(2)(A) to remove this action to federal court. In addition, the remaining defendants – "ABC Corporations 1-10" and "JOHN DOE/JANE DOE 1-10" – are fictitious entities; thus, their consents are not needed.

13. ***Venue and Allocation.*** The United States Court for the District of New Jersey is the district court having jurisdiction in this matter given the original venue in Superior Court of New Jersey, Law Division, Somerset County, pursuant to 28 U.S.C. § 1441(a). Venue is proper in the United States District Court for the District of New Jersey and allocation is proper in Trenton because the action is pending in the Superior Court of New Jersey, Law Division, Somerset County; Plaintiff is a resident of Somerset County; and the allegations in the Complaint allegedly arose out of Somerset County.

### III. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

14. Hayden Royal has complied with 28 U.S.C. §§ 1446(a) and (d). Pursuant to 28 U.S.C. § 1446(a), a copy of all of the pleadings on file in the state court, are attached collectively hereto as <u>Exhibit A</u>.

15. Pursuant to 28 U.S.C. § 1446(d), Hayden Royal is simultaneously filing copies of this Notice of Removal (with exhibits and any related papers thereto), and a Notice of Filing of Removal, with the Clerk's Office of the Superior Court of New Jersey, Somerset County, in order to effect removal of this action pursuant to 28 U.S.C. § 1446(d). A true and accurate copy of the Notice of Filing of Removal (which attaches this Notice of Removal as an exhibit thereto) is attached hereto as <u>Exhibit B</u>. Additionally, Hayden Royal has served a copy of this Notice of Removal on Plaintiff in the manner reflected in the annexed Certification of Service.

16. Simultaneous with the filing of this Notice of Removal, Hayden Royal has also given written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. § 1446(d).

### IV. <u>CONCLUSION</u>

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, defendants Hayden Royal, LLC and Great Lakes Atlantic Wealth Advisors respectfully request that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Somerset County, New Jersey, be removed to the United States Court for

7

the District of New Jersey. By this Notice, Defendants do not waive any objections they may have to service, jurisdiction, venue, or any other defenses or objections to this action. Defendants intend no admission of fact, law or liability by this Notice, and reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Defendants obtain all additional relief to which it is entitled.

Respectfully submitted on this 13th day of April, 2020

By: ___/s/ *Iram P. Valentin*___
      Iram P. Valentin, Esq.
      Christopher J. Turano, Esq.

**Kaufman Dolowich & Voluck, LLP**
Court Plaza North
25 Main Street, Suite 500
Hackensack, NJ 07601
Tel.: (201) 488-6655
Fax: (201) 488-6652
ivalentin@kdvlaw.com
cturano@kdvlaw.com
*Attorneys for Defendants,*
*Hayden Royal, LLC and*
*Great Lakes Atlantic Wealth Advisors*