# EXHIBIT A

Michael W. Starr, Esq. (Atty. No. 031622003)
The Law Office of Michael W. Starr, LLC
1 Mill Ridge Lane, Suite 206
Chester, New Jersey 07930
908-888-2513
*Attorneys for Plaintiff Diane DeSanti*

| | |
|---|---|
| DIANE DESANTI, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: SOMERSET COUNTY |
| Plaintiff, | |
| | DOCKET NO.: |
| v. | |
| | Civil Action |
| GREGORY THORMANN PEASE; | |
| NOBLEBRIDGE WEALTH | **COMPLAINT AND JURY DEMAND** |
| MANAGEMENT, LLC, | |
| INTERNATIONAL ASSETS | |
| ADVISORY, LLC; "ABC | |
| CORPORATIONS 1-10" (Fictious | |
| Names); and "JOHN DOE/JANE DOE | |
| 1-10" (Fictious Names), | |
| | |
| Defendants. | |

Plaintiff Diane DeSanti ("DeSanti"), by and through her attorneys, The Law Office of Michael W. Starr, LLC, hereby alleges as follows:

## THE PARTIES

1.      DeSanti is an individual residing at 251 Hedgerow Road, Bridgewater, New Jersey.  DeSanti brings this action individually and on behalf of her individual retirement account ("IRA").

2.      Defendant Gregory Thormann Pease ("Pease") is an individual residing at 101 Newman Avenue, Bayonne, New Jersey.  Pease is a registered investment adviser with the Securities and Exchange Commission ("SEC") (CRD No. 2416561).  Pease was previously registered with the Financial Industry Regulatory Authority ("FINRA").

1

3.     Defendant NobleBridge Wealth Management, LLC ("NobleBridge") is an investment firm registered with the SEC (CRD No. 146612).  Pease has been employed by and/or registered with NobleBridge from 2018 to present.

4.     Defendant International Assets Advisory, LLC ("International") is an investment firm registered with the SEC (CRD No. 10645).  Pease was employed by and/or registered with International from December 2016 to December 2017.

5.     ABC Corporations 1-10, being fictitious names and the true names of the entities being unknown, are corporations or other entities: (i) where Pease was registered, associated, employed and/or otherwise affiliated at the time of the wrongdoing alleged in this Complaint; (ii) that were responsible for overseeing, monitoring and/or ensuring compliance with applicable rules, laws and regulations with respect to the investment transactions at issue in this case; (iii) that executed, facilitated and/or carried out the transactions at issue in this case; and/or (iv) that were responsible for supervising and/or employing Pease while the events at issue in this case occurred.

6.     John Doe/Jane Doe 1-10, being fictitious names and the true names of the individuals being unknown, are individuals who: (i) worked with and/or conspired with Pease to engage in the wrongful conduct alleged herein; (ii) were responsible for overseeing, monitoring and/or supervising Pease with respect to the transactions at issue in this case; and/or (ii) were responsible for ensuring compliance with applicable rules, laws and regulations with respect to the investment transactions at issue in this case.

## FACTS COMMON TO ALL COUNTS

7.     Approximately twenty years ago, Pease became DeSanti's financial advisor after her prior financial advisor retired.

8.     Pease induced DeSanti to trust him and persuaded her to follow him when he changed investment firms many times between 2008 and 2018.

9.     As a registered investment adviser, Pease owed his clients, including DeSanti, a fiduciary duty under the U.S. Investment Advisers Act, 15 U.S.C. § 80b-1, *et seq.* ("Advisers Act") and/or other applicable laws, rules and standards.

10.     Pease owed his clients, including DeSanti, not only good faith and honesty, but also an obligation to act in the best interest of his clients.

11.     Pease promised and advised DeSanti that he would act as a fiduciary and in her best interest.

12.     Pease requested, obtained and exercised discretion over DeSanti's investments and investment accounts.

13.     DeSanti, age 67, is a fairly conservative investor whose objective was to protect principal and generate income.

14.     Given her age, income, financial needs and investment objectives, DeSanti had a relatively low risk profile.

15.      During their communications, DeSanti repeatedly expressed to and advised Pease that she was a relatively low risk investor, with the objective of protecting principal and generating income.

16.     DeSanti is an unsophisticated investor and, as such, trusted Pease to act on her behalf and in her best interest.

17.     Pease, as well as the investment firms he worked for, were paid substantial commissions and fees in connection with DeSanti's accounts and investments.

### *The Annuities*

18.     In or about 2010, Pease recommended that DeSanti purchase a Sun Life Masters Flex Variable Annuity (Contract No. XXXXXX6928) ("Sun Life Annuity"), which was funded with a total of $200,000 from DeSanti's IRA.

19.     The Sun Life Annuity included a number of purported benefits and riders, including but not limited to the "Sun Life Rise (SLR) living benefit" rider.

20.     In or about 2012, Pease recommended that DeSanti purchase a Jackson National Variable Annuity (Policy No. XXXXXX3144) ("Jackson Annuity") in her IRA account for $100,000.

21.     The Jackson Annuity included a number of purported benefits and riders, including but not limited to the "Guaranteed Minimum Withdrawal for Life Benefit" rider with "LifeGuard Freedom Flex with 5% Bonus and Annuals (to highest quarterly value)."

22.     In or about February 2018, Pease directed DeSanti to surrender the Sun Life Annuity and Jackson Annuity.

23.     The Sun Life Annuity was surrendered for $205,462 based on Pease's recommendation and advice.

24.     The Jackson Annuity was surrendered for $87,432 based on Pease's recommendation and advice.

25.     DeSanti incurred substantial fees and other expenses to purchase, fund and maintain the annuities from the date of purchase through 2018.

26.     Pease originally sold the annuities based on their various benefits and riders, only to later cause DeSanti to abandon those benefits after paying substantial fees and costs.

27.     Pease's recommendation to walk away from the annuities and forfeit their various benefits, including income benefits, was unsuitable, unreasonable and improper.

28.     As a direct and proximate result of Pease's advice, DeSanti sustained losses and damages, including but not limited to: (i) lost premiums, fees and commissions paid to purchase and maintain the annuities; (ii) lost opportunity to invest the funds in suitable investments for eight years, which would have generated sizeable returns rather than losses over an eight year period; (iii) loss of the annuities' income and other benefits; and (iv) approximately $20,000 in tax liability resulting from the surrender.

29.     Pease expressly provided DeSanti with tax advice.  Pease advised DeSanti not to worry about the tax liability because of the "Trump tax changes," but later admitted that he was incorrect and should have more thoroughly reviewed the issue before making a tax recommendation.

### *Unsuitable Investments*

30.     DeSanti is an unsophisticated investor who trusted Pease to purchase and recommend investments that were suitable based on the goals and objectives that she discussed with him.

31.     DeSanti has never had any desire or ability to try to cherry-pick winning stocks, funds or market sectors, and never instructed Pease to do so.

32.     DeSanti is and always has been a long-term investor with no interest in trying to time the market.

33.     Given DeSanti's investor profile, including her risk tolerance, net worth and investment horizon, her account should have been balanced with an unexciting mix of high-quality equity funds and diversified bonds.

34.     Pease decided to take unsuitable risks and effectively make bets with DeSanti's retirement savings.

35.     For illustrative purposes, the unsuitable positions include, but are not limited to, ProShares Short S&P 500, AdvisorShares Ranger Equity Bear ETF, First Trust Dow Jones Internet ETF, First Trust Energy AlphaDEX, First Trust Dorsey Wright Focus 5 ETF, Invesco QQQ Trust, and SPDR S&P Biotech ETF.

36.     Pease advised and assured DeSanti that her portfolio, including the unsuitable investments, were consistent with her investment objections and risk profile.

37.     Pease failed to explain and disclose the risks of the he unsuitable investments to DeSanti.

38.     In addition to making the decision to initially purchase unsuitable investments, Pease made "hold" recommendations and decisions that caused the investments to remain in DeSanti's accounts.

39.     As a direct and proximate result of the purchase and holding of unsuitable investments in DeSanti's accounts, she sustained substantial losses.

**Unconscionable Fees and Commissions**

40.     The amount of fees and commissions charged to DeSanti was excessive. Upon information and belief, fees jumped from approximately $8,000 in 2017 to more than $20,000 in 2018.  DeSanti will provide a precise itemization of all fees, commissions and other payments after obtaining additional records from the defendants.

41.     Upon information and belief, Pease established and managed DeSanti's accounts and investments in a manner designed to maximize fees and commissions.

42.     Any and all fees, commissions and/or other payments made to defendants in connection with DeSanti's accounts and investments should be disgorged and returned as a result of their violations of applicable laws, rules, regulations and industry standards.

## <u>COUNT ONE</u>
### (VIOLATION OF FEDERAL SECURITIES LAWS)

43.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

44.     By committing the acts complained of herein, Pease and the other defendants have violated the Securities Exchange Act of 1934, as well as other federal laws, rules and regulations.

45.     By committing the acts complained of herein, Pease and the other defendants have violated Rule 10b-5, which was promulgated under the Securities Exchange Act of 1934, as well as other federal laws, rules and regulations.

46.     Defendants had a duty to provide reasonable and suitable advice and recommendations to DeSanti in connection with her investments and accounts.

47.     The securities purchased and the investment decisions recommended by Pease were unsuitable, unreasonable and inappropriate for DeSanti.

48.     Defendants knew that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

49.     Defendants should have known that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

50.     Defendants failed to disclose and/or omitted material information regarding the nature and/or risks of the investments.

51.     Pease failed to have a reasonable basis for his investment decisions and advice.

52.     Defendants misrepresented material information regarding the nature and/or risks of the investments at issue.

53.     DeSanti justifiably relied on defendants' recommendations and advice when making investment decisions.

54.     As a direct and proximate result of defendants' conduct and actions as complained of herein, DeSanti sustained significant losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT TWO
## (VIOLATION OF STATE SECURITIES LAWS)

55.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

56.     By committing the acts complained of herein, Pease and the other defendants have violated N.J.S.A. 49:3-52, as well as other New Jersey laws and regulations.

57.     Defendants had a duty to provide reasonable and suitable advice and recommendations to DeSanti in connection with her investments and accounts.

58.     The securities purchased and the investment decisions recommended by Pease were unsuitable, unreasonable and inappropriate for DeSanti.

59.     Defendants knew that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

60.     Defendants should have known that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

61.     Defendants failed to disclose and/or omitted material information regarding the nature and/or risks of the investments.

62.     Defendants misrepresented material information regarding the nature and/or risks of the investments at issue.

63.     DeSanti justifiably relied on defendants' recommendations and advice when making investment decisions.

64.     As a direct and proximate result of defendants' conduct and actions as complained of herein, DeSanti sustained significant losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## <u>COUNT THREE</u>
## (BREACH OF FIDUCIARY DUTY)

65.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

66.     As a registered investment adviser, Pease owed his clients a fiduciary duty under the U.S. Investment Advisers Act, 15 U.S.C. § 80b-1, *et seq.*

67.     Pease owed DeSanti a fiduciary duty because he established and promised a relationship of trust between himself and DeSanti.  Among other things, Pease promised and repeatedly assured DeSanti that he was acting in her best interest and that she should trust him.

68.     By committing the acts alleged herein, Pease breached his fiduciary duty to DeSanti.

69.     Pease breached his fiduciary duty by, among other things, recommending investments and engaging in transactions that generated significant fees and commissions rather than advance DeSanti's interests.

70.     Pease breached his fiduciary duty by failing to disclose complete and accurate information about the risks associated with the investments and his recommendations.

71.     Pease breached his fiduciary duty by recommending unsuitable, inappropriate and unreasonable investments, strategies and transactions.

72.     As a direct and proximate result of Pease's actions, DeSanti has sustained substantial losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT FOUR
### (NEGLIGENCE)

73.    DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

74.    Defendants owed a duty to DeSanti to exercise reasonable care in the handling of her investments and accounts.

75.    Defendants owed a duty to DeSanti to provide complete, accurate and full disclosures and information regarding the investments and transactions at issue.

76.    Defendants owed a duty to DeSanti to recommend suitable, reasonable and appropriate investments.

77.    Defendants owed a duty to comply with all applicable laws, rules, regulations and industry standards.

78.    Defendants negligently breached their duties to DeSanti by, among other things: (i) failing to offer reasonable advice regarding DeSanti's investments and accounts; (ii) making negligent misrepresentations that they knew or should have known were false; (iii) failing to disclose information that they knew or should have known was material to DeSanti and her investments; and (iv) failing to take reasonable steps to protect DeSanti's assets from foreseeable risks associated with the investments that Pease recommended.

79.    As a direct and proximate result of defendants' negligence, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for

11

compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

<u>**COUNT FIVE**</u>
**(MISREPRESENTATION)**

80.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

81.     Defendants had a duty to accurately and fully provide and disclose material information that a reasonable client would consider important in connection with making investment decisions.

82.     Defendants had a duty to ensure that any statements they made were accurate and truthful.

83.     By committing the acts alleged herein, defendants failed to disclose and omitted relevant and material information in connection with the investment decisions and transactions at issue.

84.     By committing the acts alleged herein, defendants provided and disclosed inaccurate and misleading information in connection with the investment decisions and transactions at issue.

85.     As a direct and proximate result of defendants' misrepresentations and omissions, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

12

## COUNT SIX
### (BREACH OF CONTRACT)

86.    DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

87.    DeSanti and the defendants entered into agreements whereby it was agreed that, in exchange for certain payments, fees and commissions, defendants would provide investment advice and recommendations.

88.    An actual, implied and/or necessary term of the parties' agreements was that any advice would be appropriate, suitable and reasonable.

89.    An actual, implied and/or necessary term of the parties' agreements was that defendants would act in a fiduciary capacity and/or in DeSanti's best interest.

90.    An actual, implied and/or necessary term of the parties' agreements was that defendants would not make any material misrepresentations and/or omit material information in connection with DeSanti's accounts and/or investments.

91.    An actual, implied and/or necessary term of the parties' agreements was that defendants would fully and accurately disclose information in connection with DeSanti's accounts and/or investments.

92.    By committing the acts alleged herein, defendants breached their contractual obligations to DeSanti.

93.    As a direct and proximate result of defendants' breach of contract, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for

13

compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT SEVEN
### (*RESPONDEAT SUPERIOR*)

94.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

95.     At times relevant to this case, Pease was employed by, registered with and/or otherwise associated with NobleBridge, International and/or ABC Corporations 1-10.

96.     NobleBridge is liable for the actions that Pease committed while in the scope of his employment for NobleBridge and/or committed while acting as a representative for NobleBridge.

97.     International is liable for the actions that Pease committed while in the scope of his employment for International and/or committed while acting as a representative for International.

98.     Upon information and belief, ABC Corporations 1-10 may be liable for the actions that Pease committed while in the scope of his employment for ABC Corporations 1-10 and/or committed while acting as a representative for ABC Corporations 1-10.

99.     Pease acted with actual and apparent authority from NobleBridge with respect to the investments, recommendations and transactions that occurred while he was employed by NobleBridge.

100.     NobleBridge was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

101.   Pease acted with actual and apparent authority from International with respect to the investments, recommendations and transactions that occurred while he was employed by International.

102.   International was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

103.   NobleBridge, International and/or ABC Corporations 1-10, are jointly and severally liable for Pease's actions under the doctrine of *respondeat superior* and other doctrines, laws and rules imposing vicarious liability on employers for the conduct of their employees.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT EIGHT
### (FAILURE TO SUPERVISE)

104.   DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

105.   At relevant times, Pease was employed by, registered with and/or otherwise affiliated with the NobleBridge, International and/or ABC Corporations 1-10.

106.   NobleBridge, International and/or ABC Corporations 1-10 were required to supervise and monitor their advisors/advisers in accordance with applicable laws, rules, regulations and industry standards.

15

107.   NobleBridge, International and/or ABC Corporations 1-10 were required to have a supervisory system to: (i) monitor communications between financial advisors and customers; (ii) review and monitor customer transactions to ensure, among other things, suitability and appropriateness of investment recommendations; (iii) review, investigate and respond to customer complaints; (iv) ensure that its financial advisers are properly trained; and (v) ensure that its employees were acting in accordance with all applicable rules, regulations and laws.

108.   NobleBridge, International and/or ABC Corporations 1-10 failed to properly supervise and monitor Pease's actions and conduct with respect to DeSanti's accounts and investments.

109.   NobleBridge, International and/or ABC Corporations 1-10 failed to ensure that the information and disclosures provided to DeSanti were complete, accurate and in accordance with applicable laws, regulations, rules and standards.

110.   NobleBridge, International and/or ABC Corporations 1-10 failed to ensure that the investment recommendations, decisions and advice provided by Pease were reasonable, suitable, proper, accurate and in accordance with applicable laws, regulations, rules and standards.

111.   As a direct and proximate result of the failure to supervise by NobleBridge, International and/or ABC Corporations 1-10, Pease was able to carry out and continue to carry out the wrongful actions set forth herein.

112.   As a direct and proximate result of the failure to supervise by NobleBridge, International and/or ABC Corporations 1-10, DeSanti sustained significant damages and losses.

16

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

THE LAW OFFICE OF
MICHAEL W. STARR, LLC
*Attorneys for Plaintiff Diane DeSanti*

DATED:  February 7, 2020                    _____
                                             Michael W. Starr

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-1, Michael W. Starr is hereby designated as trial counsel on behalf of Plaintiff in the within matter.

## RULE 4:5-1 CERTIFICATION

The undersigned does hereby certify that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or any arbitration proceeding, and that no other action or arbitration proceeding is contemplated.  The undersigned is not aware of the name of any other party who should be joined in this action at this time

17

## **RULE 1:38-7(b) CERTIFICATION**

I certify that confidential and personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

THE LAW OFFICE OF
MICHAEL W. STARR, LLC
*Attorneys for Plaintiff Diane DeSanti*

DATED:  February 7, 2020            _____
                                    Michael W. Starr

18

# Civil Case Information Statement

## Case Details: SOMERSET | Civil Part Docket# L-000180-20

**Case Caption:** DESANTI DIANE  VS PEASE GREGORY

**Case Initiation Date:** 02/07/2020

**Attorney Name:** MICHAEL WALTERS STARR

**Firm Name:** MICHAEL W. STARR LLC

**Address:** 1 MILL RIDGE LN STE 206

CHESTER NJ 07930

**Phone:** 9088882513

**Name of Party:** PLAINTIFF : Desanti, Diane

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Investment Adviser / Customer

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
     **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/07/2020

Dated

/s/ MICHAEL WALTERS STARR

Signed

Michael W. Starr, Esq. (Atty. No. 031622003)
The Law Office of Michael W. Starr, LLC
1 Mill Ridge Lane, Suite 206
Chester, New Jersey 07930
908-888-2513
*Attorneys for Plaintiff Diane DeSanti*

| | |
|---|---|
| DIANE DESANTI, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY THORMANN PEASE; NOBLEBRIDGE WEALTH MANAGEMENT, LLC; INTERNATIONAL ASSETS ADVISORY, LLC; HAYDEN ROYAL, LLC; GREAT LAKES ATLANTIC WEALTH ADVISORS; "ABC CORPORATIONS 1-10" (Fictious Names); and "JOHN DOE/JANE DOE 1-10" (Fictious Names), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SOMERSET COUNTY <br><br> DOCKET NO.: SOM-L-000180-20 <br><br> Civil Action <br><br> **AMENDED COMPLAINT <br> AND JURY DEMAND** |

Plaintiff Diane DeSanti ("DeSanti"), by and through her attorneys, The Law Office of Michael W. Starr, LLC, hereby alleges as follows:

## THE PARTIES

1.     DeSanti is an individual residing at 251 Hedgerow Road, Bridgewater, New Jersey.  DeSanti brings this action individually and on behalf of her individual retirement account ("IRA").

2.     Defendant Gregory Thormann Pease ("Pease") is an individual residing at 101 Newman Avenue, Bayonne, New Jersey.  Pease is a registered investment adviser

with the Securities and Exchange Commission ("SEC") (CRD No. 2416561).  Pease was previously registered with the Financial Industry Regulatory Authority ("FINRA").

3.      Defendant NobleBridge Wealth Management, LLC ("NobleBridge") is an investment firm registered with the SEC (CRD No. 146612).  Pease has been employed by and/or registered with NobleBridge from 2018 to present.

4.      Defendant International Assets Advisory, LLC ("International") is an investment firm registered with the SEC (CRD No. 10645).  Pease was employed by and/or registered with International from December 2016 to December 2017.

5.      Defendant Great Lakes Atlantic Wealth Advisors ("Great Lakes") is or was an investment firm registered with the SEC.  Pease was employed by and/or registered with Great Lakes from December 2016 to July 2018.

6.      Hayden Royal, LLC ("Hayden Royal") is an investment firm registered with the SEC (CRD No. 170037).  Upon information and belief, Hayden Royal is a successor to Great Lakes.  (Great Lakes and Hayden Royal are collectively referred to herein as "Hayden Royal").

7.      ABC Corporations 1-10, being fictitious names and the true names of the entities being unknown, are corporations or other entities: (i) where Pease was registered, associated, employed and/or otherwise affiliated at the time of the wrongdoing alleged in this Complaint; (ii) that were responsible for overseeing, monitoring and/or ensuring compliance with applicable rules, laws and regulations with respect to the investment transactions at issue in this case; (iii) that executed, facilitated and/or carried out the transactions at issue in this case; and/or (iv) that were responsible for supervising and/or employing Pease while the events at issue in this case occurred.

2

8.     John Doe/Jane Doe 1-10, being fictitious names and the true names of the individuals being unknown, are individuals who: (i) worked with and/or conspired with Pease to engage in the wrongful conduct alleged herein; (ii) were responsible for overseeing, monitoring and/or supervising Pease with respect to the transactions at issue in this case; and/or (ii) were responsible for ensuring compliance with applicable rules, laws and regulations with respect to the investment transactions at issue in this case.

### FACTS COMMON TO ALL COUNTS

9.     Approximately twenty years ago, Pease became DeSanti's financial advisor after her prior financial advisor retired.

10.     Pease induced DeSanti to trust him and persuaded her to follow him when he changed investment firms many times between 2008 and 2018.

11.     As a registered investment adviser, Pease owed his clients, including DeSanti, a fiduciary duty under the U.S. Investment Advisers Act, 15 U.S.C. § 80b-1, *et seq.* ("Advisers Act") and/or other applicable laws, rules and standards.

12.     Pease owed his clients, including DeSanti, not only good faith and honesty, but also an obligation to act in the best interest of his clients.

13.     Pease promised and advised DeSanti that he would act as a fiduciary and in her best interest.

14.     Pease requested, obtained and exercised discretion over DeSanti's investments and investment accounts.

15.     DeSanti, age 67, is a fairly conservative investor whose objective was to protect principal and generate income.

16.     Given her age, income, financial needs and investment objectives, DeSanti had a relatively low risk profile.

17.      During their communications, DeSanti repeatedly expressed to and advised Pease that she was a relatively low risk investor, with the objective of protecting principal and generating income.

18.     DeSanti is an unsophisticated investor and, as such, trusted Pease to act on her behalf and in her best interest.

19.     Pease, as well as the investment firms he worked for, were paid substantial commissions and fees in connection with DeSanti's accounts and investments.

### *The Annuities*

20.     In or about 2010, Pease recommended that DeSanti purchase a Sun Life Masters Flex Variable Annuity (Contract No. XXXXXX6928) ("Sun Life Annuity"), which was funded with a total of $200,000 from DeSanti's IRA.

21.     The Sun Life Annuity included a number of purported benefits and riders, including but not limited to the "Sun Life Rise (SLR) living benefit" rider.

22.     In or about 2012, Pease recommended that DeSanti purchase a Jackson National Variable Annuity (Policy No. XXXXXX3144) ("Jackson Annuity") in her IRA account for $100,000.

23.     The Jackson Annuity included a number of purported benefits and riders, including but not limited to the "Guaranteed Minimum Withdrawal for Life Benefit" rider with "LifeGuard Freedom Flex with 5% Bonus and Annuals (to highest quarterly value)."

24.     In or about February 2018, Pease directed DeSanti to surrender the Sun Life Annuity and Jackson Annuity.

4

25.    The Sun Life Annuity was surrendered for $205,462 based on Pease's recommendation and advice.

26.    The Jackson Annuity was surrendered for $87,432 based on Pease's recommendation and advice.

27.    DeSanti incurred substantial fees and other expenses to purchase, fund and maintain the annuities from the date of purchase through 2018.

28.    Pease originally sold the annuities based on their various benefits and riders, only to later cause DeSanti to abandon those benefits after paying substantial fees and costs.

29.    Pease's recommendation to walk away from the annuities and forfeit their various benefits, including income benefits, was unsuitable, unreasonable and improper.

30.    As a direct and proximate result of Pease's advice, DeSanti sustained losses and damages, including but not limited to: (i) lost premiums, fees and commissions paid to purchase and maintain the annuities; (ii) lost opportunity to invest the funds in suitable investments for eight years, which would have generated sizeable returns rather than losses over an eight year period; (iii) loss of the annuities' income and other benefits; and (iv) approximately $20,000 in tax liability resulting from the surrender.

31.    Pease expressly provided DeSanti with tax advice.  Pease advised DeSanti not to worry about the tax liability because of the "Trump tax changes," but later admitted that he was incorrect and should have more thoroughly reviewed the issue before making a tax recommendation.

### *Unsuitable Investments*

32.     DeSanti is an unsophisticated investor who trusted Pease to purchase and recommend investments that were suitable based on the goals and objectives that she discussed with him.

33.     DeSanti has never had any desire or ability to try to cherry-pick winning stocks, funds or market sectors, and never instructed Pease to do so.

34.     DeSanti is and always has been a long-term investor with no interest in trying to time the market.

35.     Given DeSanti's investor profile, including her risk tolerance, net worth and investment horizon, her account should have been balanced with an unexciting mix of high-quality equity funds and diversified bonds.

36.     Pease decided to take unsuitable risks and effectively make bets with DeSanti's retirement savings.

37.     For illustrative purposes, the unsuitable positions include, but are not limited to, ProShares Short S&P 500, AdvisorShares Ranger Equity Bear ETF, First Trust Dow Jones Internet ETF, First Trust Energy AlphaDEX, First Trust Dorsey Wright Focus 5 ETF, Invesco QQQ Trust, and SPDR S&P Biotech ETF.

38.     Pease advised and assured DeSanti that her portfolio, including the unsuitable investments, were consistent with her investment objections and risk profile.

39.     Pease failed to explain and disclose the risks of the he unsuitable investments to DeSanti.

40. In addition to making the decision to initially purchase unsuitable investments, Pease made "hold" recommendations and decisions that caused the investments to remain in DeSanti's accounts.

41. As a direct and proximate result of the purchase and holding of unsuitable investments in DeSanti's accounts, she sustained substantial losses.

**Unconscionable Fees and Commissions**

42. The amount of fees and commissions charged to DeSanti was excessive. Upon information and belief, fees jumped from approximately $8,000 in 2017 to more than $20,000 in 2018. DeSanti will provide a precise itemization of all fees, commissions and other payments after obtaining additional records from the defendants.

43. Upon information and belief, Pease established and managed DeSanti's accounts and investments in a manner designed to maximize fees and commissions.

44. Any and all fees, commissions and/or other payments made to defendants in connection with DeSanti's accounts and investments should be disgorged and returned as a result of their violations of applicable laws, rules, regulations and industry standards.

**<u>COUNT ONE</u>**
**(VIOLATION OF FEDERAL SECURITIES LAWS)**

45. DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

46. By committing the acts complained of herein, Pease and the other defendants have violated the Securities Exchange Act of 1934, as well as other federal laws, rules and regulations.

47. By committing the acts complained of herein, Pease and the other defendants have violated Rule 10b-5, which was promulgated under the Securities Exchange Act of 1934, as well as other federal laws, rules and regulations.

48. Defendants had a duty to provide reasonable and suitable advice and recommendations to DeSanti in connection with her investments and accounts.

49. The securities purchased and the investment decisions recommended by Pease were unsuitable, unreasonable and inappropriate for DeSanti.

50. Defendants knew that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

51. Defendants should have known that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

52. Defendants failed to disclose and/or omitted material information regarding the nature and/or risks of the investments.

53. Pease failed to have a reasonable basis for his investment decisions and advice.

54. Defendants misrepresented material information regarding the nature and/or risks of the investments at issue.

55. DeSanti justifiably relied on defendants' recommendations and advice when making investment decisions.

56. As a direct and proximate result of defendants' conduct and actions as complained of herein, DeSanti sustained significant losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory,

LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT TWO**
**(VIOLATION OF STATE SECURITIES LAWS)**

57.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

58.     By committing the acts complained of herein, Pease and the other defendants have violated N.J.S.A. 49:3-52, as well as other New Jersey laws and regulations.

59.     Defendants had a duty to provide reasonable and suitable advice and recommendations to DeSanti in connection with her investments and accounts.

60.     The securities purchased and the investment decisions recommended by Pease were unsuitable, unreasonable and inappropriate for DeSanti.

61.     Defendants knew that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

62.     Defendants should have known that their investment decisions and recommendations were unsuitable, unreasonable and inappropriate for DeSanti.

63.     Defendants failed to disclose and/or omitted material information regarding the nature and/or risks of the investments.

64.     Defendants misrepresented material information regarding the nature and/or risks of the investments at issue.

9

65.    DeSanti justifiably relied on defendants' recommendations and advice when making investment decisions.

66.    As a direct and proximate result of defendants' conduct and actions as complained of herein, DeSanti sustained significant losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT THREE
### (BREACH OF FIDUCIARY DUTY)

67.    DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

68.    As a registered investment adviser, Pease owed his clients a fiduciary duty under the U.S. Investment Advisers Act, 15 U.S.C. § 80b-1, *et seq*.

69.    Pease owed DeSanti a fiduciary duty because he established and promised a relationship of trust between himself and DeSanti.  Among other things, Pease promised and repeatedly assured DeSanti that he was acting in her best interest and that she should trust him.

70.    By committing the acts alleged herein, Pease breached his fiduciary duty to DeSanti.

71.     Pease breached his fiduciary duty by, among other things, recommending investments and engaging in transactions that generated significant fees and commissions rather than advance DeSanti's interests.

72.     Pease breached his fiduciary duty by failing to disclose complete and accurate information about the risks associated with the investments and his recommendations.

73.     Pease breached his fiduciary duty by recommending unsuitable, inappropriate and unreasonable investments, strategies and transactions.

74.     As a direct and proximate result of Pease's actions, DeSanti has sustained substantial losses and damages.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT FOUR
### (NEGLIGENCE)

75.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

76.     Defendants owed a duty to DeSanti to exercise reasonable care in the handling of her investments and accounts.

77.     Defendants owed a duty to DeSanti to provide complete, accurate and full disclosures and information regarding the investments and transactions at issue.

78.     Defendants owed a duty to DeSanti to recommend suitable, reasonable and appropriate investments.

79.     Defendants owed a duty to comply with all applicable laws, rules, regulations and industry standards.

80.     Defendants negligently breached their duties to DeSanti by, among other things: (i) failing to offer reasonable advice regarding DeSanti's investments and accounts; (ii) making negligent misrepresentations that they knew or should have known were false; (iii) failing to disclose information that they knew or should have known was material to DeSanti and her investments; and (iv) failing to take reasonable steps to protect DeSanti's assets from foreseeable risks associated with the investments that Pease recommended.

81.     As a direct and proximate result of defendants' negligence, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT FIVE
### (MISREPRESENTATION)

82.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

83.     Defendants had a duty to accurately and fully provide and disclose material information that a reasonable client would consider important in connection with making investment decisions.

84.     Defendants had a duty to ensure that any statements they made were accurate and truthful.

85.     By committing the acts alleged herein, defendants failed to disclose and omitted relevant and material information in connection with the investment decisions and transactions at issue.

86.     By committing the acts alleged herein, defendants provided and disclosed inaccurate and misleading information in connection with the investment decisions and transactions at issue.

87.     As a direct and proximate result of defendants' misrepresentations and omissions, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## <u>COUNT SIX</u>
### (BREACH OF CONTRACT)

88.     DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

89.    DeSanti and the defendants entered into agreements whereby it was agreed that, in exchange for certain payments, fees and commissions, defendants would provide investment advice and recommendations.

90.    An actual, implied and/or necessary term of the parties' agreements was that any advice would be appropriate, suitable and reasonable.

91.    An actual, implied and/or necessary term of the parties' agreements was that defendants would act in a fiduciary capacity and/or in DeSanti's best interest.

92.    An actual, implied and/or necessary term of the parties' agreements was that defendants would not make any material misrepresentations and/or omit material information in connection with DeSanti's accounts and/or investments.

93.    An actual, implied and/or necessary term of the parties' agreements was that defendants would fully and accurately disclose information in connection with DeSanti's accounts and/or investments.

94.    By committing the acts alleged herein, defendants breached their contractual obligations to DeSanti.

95.    As a direct and proximate result of defendants' breach of contract, DeSanti has sustained substantial damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT SEVEN
### (*RESPONDEAT SUPERIOR*)

96.    DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

97.    At times relevant to this case, Pease was employed by, registered with and/or otherwise associated with NobleBridge, International, Great Lakes, Hayden Royal and/or ABC Corporations 1-10.

98.    NobleBridge is liable for the actions that Pease committed while in the scope of his employment for NobleBridge and/or committed while acting as a representative for NobleBridge.

99.    International is liable for the actions that Pease committed while in the scope of his employment for International and/or committed while acting as a representative for International.

100.    Hayden Royal is liable for the actions that Pease committed while in the scope of his employment for Hayden Royal and/or committed while acting as a representative for Hayden Royal.

101.    Great Lakes is liable for the actions that Pease committed while in the scope of his employment for Great Lakes and/or committed while acting as a representative for Great Lakes.

102.    Hayden Royal, as successor to Great Lakes, is liable for the actions that Pease committed while in the scope of his employment for Great Atlantic and/or committed while acting as a representative for Great Lakes.

103.    Upon information and belief, ABC Corporations 1-10 may be liable for the actions that Pease committed while in the scope of his employment for ABC Corporations 1-10 and/or committed while acting as a representative for ABC Corporations 1-10.

104.    Pease acted with actual and apparent authority from NobleBridge with respect to the investments, recommendations and transactions that occurred while he was employed by NobleBridge.

105.    NobleBridge was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

106.    Pease acted with actual and apparent authority from International with respect to the investments, recommendations and transactions that occurred while he was employed by International.

107.    International was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

108.    Pease acted with actual and apparent authority from Hayden Royal with respect to the investments, recommendations and transactions that occurred while he was employed by Hayden Royal.

109.    Hayden Royal was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

110.    Pease acted with actual and apparent authority from Great Lakes with respect to the investments, recommendations and transactions that occurred while he was employed by Great Lakes.

111.    Great Lakes was aware of Pease's actions and permitted him to hold himself out as its agent, employee and representative.

112.   NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10, are jointly and severally liable for Pease's actions under the doctrine of *respondeat superior* and other doctrines, laws and rules imposing vicarious liability on employers for the conduct of their employees.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT EIGHT
### (FAILURE TO SUPERVISE)

113.   DeSanti repeats and incorporates the allegations set forth elsewhere in this Complaint as if fully set forth herein.

114.   At relevant times, Pease was employed by, registered with and/or otherwise affiliated with the NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10.

115.   NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10 were required to supervise and monitor their advisors/advisers in accordance with applicable laws, rules, regulations and industry standards.

116.   NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10 were required to have a supervisory system to: (i) monitor communications between financial advisors and customers; (ii) review and monitor customer transactions to ensure, among other things, suitability and appropriateness of

investment recommendations; (iii) review, investigate and respond to customer complaints; (iv) ensure that its financial advisers are properly trained; and (v) ensure that its employees were acting in accordance with all applicable rules, regulations and laws.

117.    NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10 failed to properly supervise and monitor Pease's actions and conduct with respect to DeSanti's accounts and investments.

118.    NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10 failed to ensure that the information and disclosures provided to DeSanti were complete, accurate and in accordance with applicable laws, regulations, rules and standards.

119.    NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10 failed to ensure that the investment recommendations, decisions and advice provided by Pease were reasonable, suitable, proper, accurate and in accordance with applicable laws, regulations, rules and standards.

120.    As a direct and proximate result of the failure to supervise by NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10, Pease was able to carry out and continue to carry out the wrongful actions set forth herein.

121.    As a direct and proximate result of the failure to supervise by NobleBridge, International, Hayden Royal, Great Lakes and/or ABC Corporations 1-10, DeSanti sustained significant damages and losses.

WHEREFORE, Diane DeSanti demands judgment against Defendants Gregory Thormann Pease, NobleBridge Wealth Management, LLC, International Assets Advisory, LLC, Hayden Royal, LLC, Great Lakes Atlantic Wealth Advisors, John Doe/Jane Doe 1-

10, and ABC Corporations 1-10, jointly and severally, for compensatory and consequential damages, plus interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

THE LAW OFFICE OF
MICHAEL W. STARR, LLC
*Attorneys for Plaintiff Diane DeSanti*

DATED:  March 5, 2020          _____
                               Michael W. Starr

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-1, Michael W. Starr is hereby designated as trial counsel on behalf of Plaintiff in the within matter.

## RULE 4:5-1 CERTIFICATION

The undersigned does hereby certify that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or any arbitration proceeding, and that no other action or arbitration proceeding is contemplated.  The undersigned is not aware of the name of any other party who should be joined in this action at this time

## <u>RULE 1:38-7(b) CERTIFICATION</u>

I certify that confidential and personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

> THE LAW OFFICE OF
> MICHAEL W. STARR, LLC
> *Attorneys for Plaintiff Diane DeSanti*

DATED:  March 5, 2020         _____
                                             Michael W. Starr